**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-1880-WJM-NRN

CHERYL YSLAS and MICHAEL SPRAGUE, on behalf of themselves and of all other plaintiffs similarly situated, known and unknown,

    Plaintiffs,

v.

WAL-MART ASSOCIATES, INC., d/b/a SAM'S CLUB, and
SAM'S CLUB, a division of WAL-MART STORES, INC.,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR STAGE-ONE CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) AND GRANTING PLAINTIFFS' MOTION TO TOLL STATUTE OF LIMITATIONS FOR ABSENT CLASS MEMBERS**

---

Before the Court is Plaintiffs Cheryl Yslas and Michael Sprague, on behalf of themselves and of all other plaintiffs similarly situated, known and unknown's (jointly, "Plaintiffs"), Motion and Memorandum In Support For Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) ("Motion").[1]  (ECF No.

---

[1] The Court cautions the parties against requesting leave to exceed the page limits unless truly necessary.  Here, the Court permitted Plaintiffs to file a motion five pages in excess of the page limit (ECF No. 29) but observes that eight of those pages are devoted to setting forth the relevant legal standards (ECF No. 30 at 6–14).  As counsel is aware, the Court is familiar with the legal standards in an FLSA and class action, and while of course legal standards are necessary and helpful, the Court does not require such excess briefing on a routine motion to certify.

    The Court also found glaring typos and other basic grammatical errors scattered throughout all of Plaintiffs' filings but particularly in the notice plan materials, which counsel urges the Court to permit it to disseminate to the putative class members.  The Court takes a dim view of such errors appearing routinely and expects a higher standard of professional practice in federal court than counsel for Plaintiffs has demonstrated at this stage of the

30.)  Defendants Wal-Mart Associates, Inc., d/b/a Sam's Club and Sam's Club, a division of Wal-Mart Stores, Inc.[2] (jointly, "Defendants") filed a response.  (ECF No. 45.)  Plaintiffs filed a reply.  (ECF No. 53.)

Also before the Court is Plaintiffs' Motion to Toll Statute of Limitations for Absent Class Members (Opposed) ("Motion to Toll").  (ECF No. 54.)  Defendants responded in opposition (ECF No. 55), and Plaintiffs replied (ECF No. 63).

For the following reasons, the Motion is granted in part and denied in part, and the Motion to Toll is granted.

## I. BACKGROUND[3]

The Court draws the following summary from Plaintiffs' Amended Complaint.  (ECF No. 23.)  The Court's summary is not meant to imply that Plaintiffs' allegations are true, or even that they will have support, but is solely to provide context for their request to conditionally certify a collective action and for Defendants' opposition to that request.

The putative class and collective members are all individuals employed by Defendants as Sales and Training Managers ("STM") or Membership Representatives ("MR") who allegedly were subjected to a common but illegal wage practice of being compensated as salary-exempt employees, and as a result, were denied the additional "half-time" as overtime premiums for hours worked over 40 in individual work weeks.  (¶¶ 97–103.)  Plaintiffs allege that Defendants misclassified them as salary-exempt

---

litigation.

[2] Defendants state that they are both incorrectly named but do not provide an alternative name.  (ECF No. 45 at 1 n.1.)  The Court **directs** the parties to confer concerning the proper names for Defendants in this action in conjunction with their conferral about the notice materials.

[3] Citations to (¶ __), without more, are references to the Amended Complaint.

2

employees and refused to pay their employees overtime premiums for overtime hours worked.  (¶ 20.)

On December 5, 2022, Plaintiffs filed the Amended Complaint against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*. ("COMPS"), and the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*.  (ECF No. 23.)  This is a class and collective action brought by Plaintiffs on behalf of themselves and all others similarly situated under Federal Rule of Civil Procedure 23 and under 29 U.S.C. § 216(b).

In the Amended Complaint, Plaintiffs propose the following class definition for all claims:

> All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present salaried STM (or MRs whose job titles were changed to STM) employees who were also on a salary basis and did not receive overtime premiums at a rate of one-and one-half [*sic*] their regular hourly rates of pay for hours worked in excess of 40 in a workweek as described herein.

(¶ 28.)

The Motion further limits the putative opt-in class:

> All Membership Representative and Sales and Training Manager employees who worked for Defendants in Colorado in either role since July 2019 and were paid on a salary basis.

(ECF No. 30 at 3.)

## II. LEGAL STANDARD

The FLSA permits collective actions where the allegedly aggrieved employees

3

are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, a plaintiff must offer "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Fam. Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* standard). The standard for certification at this stage is a lenient one. *See Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

If the plaintiff meets this standard, the Court may order the defendant to provide contact information for all employees and former employees that may be eligible to participate in the collective action, and the Court may approve a form of notice to be sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is often necessary because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out of the putative collective action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Obviously, current or former employees cannot opt in if they do not know about the pending action.

4

## III. ANALYSIS

A.     **Motion for Stage-One Conditional Certification**

Plaintiffs request that the Court conditionally certify the collective action, approve their proposed form of notice, and approve their proposed notice plan. (ECF No. 30.) Defendants object to conditional certification and the notice plan on various grounds, discussed below. (ECF No. 45.)

1.     <u>Similarly Situated</u>

Plaintiffs allege that "[t]hroughout all times pertinent to Plaintiffs' claims herein, Sam's Club applied a common policy as to Plaintiffs and all STMs at all locations in Colorado, in that Sam's Club classified all STMs as 'salary exempt' on the premise of the 'administrative exemption' found at 29 U.S.C. §§ 207(a)(1), 213. *See also* C.F.R. § 541.200(a)." (¶ 21.) Further, in the Motion, Plaintiffs contend that the

> record contains substantial allegations showing that Plaintiffs and the Putative Class Members are similarly situated because they all: worked for Defendants as MRs and/or STMs; were paid by salary; on a regular basis worked in excess of 40 hours in individual work weeks; were paid only their set salary for all hours worked each week, including those over 40; and did not receive any overtime compensation for hours worked in excess of 40 in individual work weeks.

(ECF No. 30 at 16.)

Defendants argue that the Motion should be denied because Plaintiffs have failed to allege that they have similar job duties as other Colorado STMs. (ECF No. 45 at 6.) Specifically, Defendants dispute that Plaintiffs' allegations of "uniformity in pay practices" among STMs is sufficient to meet the similarly situated standard. (*Id.* at 8.) They assert that Plaintiffs have not alleged that the actual experiences of other STMs are similar to their own experiences. (*Id.*) Additionally, Defendants argue that Plaintiffs

5

fail to allege that they have similar job duties as the other STMS and are thus not similarly situated with the potential opt-in plaintiffs.  (*Id.* at 10.)

To determine whether there are substantial allegations to support a finding that Yslas and Sprague and potential opt-in plaintiffs are similarly situated, such that they are subject to a single decision, policy, or plan, this Court looks to the Amended Complaint (ECF No. 23) and Yslas and Sprague's declarations offered in support of the Motion for Conditional Certification (ECF No. 30-2).  While Plaintiffs were initially advised at the beginning of their employment that "they would be training lower-level, hourly associates on Sam's Club's upselling techniques, including selling Premium Memberships and Sam's Club credit cards, Plaintiffs spent much of her [*sic*] time working the registers like a regular cashier, while associates simply watched Plaintiffs work."  (¶ 14.)  They allege that "[a]t other times during Plaintiffs' employments [*sic*] as salaried MR/STMs, they spent substantial working time performing various non-exempt duties typically performed by hourly associates such as cashiering, stocking shelves, gathering shopping carts from the parking lot, and other non-exempt tasks as assigned by Sam's Club."  (¶ 15.)  Plaintiffs allege that they spent their time performing non-exempt associate work at the check-out registers or otherwise performing duties which did not require the exercise of independent discretion and judgment.  (¶ 19.)  Accordingly, they allege that they were misclassified as salary-exempt employees and should have been compensated as hourly employees entitled to overtime premiums for hours worked over 40 hours in individual work weeks.  (¶ 20.)

With respect to other putative class members, Plaintiffs allege that their claims are "nearly identical" because "regardless of which store location any STM herein

worked, or under what Store Manager any STM herein worked, Sam's Club hired, recruited, enrolled and offered employment as an STM to all members of the Plaintiff Class premised on an a single, identical job description, including identical job duties, job objectives, job responsibilities, job qualifications (including experience and education), language skills, manual labor capabilities and general working conditions."

(¶ 24.)  In their declarations, Yslas and Sprague both state that they have

> [17.]   . . . personal knowledge of Sam's Club's pay practices because I was paid by Defendants in the manner described above and personally experienced the pay practice that is at the center of the lawsuit.
>
> 18.    I also have personal knowledge of Defendants' pay practice because I discussed MR/STM compensation with MRs and STMs who were my co-workers at other Sam's Club locations in Colorado and other management employees of Defendants during my employment.  I also discussed MR/STM compensation with other MRs and STMs, including the other Named Plaintiff, after my employment with Sam's Club ended before the above-captioned lawsuit was filed.

(ECF No. 30-2 at 3, 6.)

Plaintiffs move for certification of a putative class consisting of:

> All Membership Representative and Sales and Training Manager employees who worked for Defendants in Colorado in either role since July 2019 and were paid on a salary basis.

(ECF No. 30 at 3.)

While the Court acknowledges that the allegations and preliminary evidentiary support are generously described as bare-bones, the Court concludes that they pass statutory muster—but just barely.  This is because it is sufficient at this stage to provide "nothing more than substantial allegations that the putative class members were

7

together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (citation and internal quotation marks omitted). "This can be established through a plaintiff's pleadings and declaration or affidavit." *Stallings v. Antero Res. Corp.*, 2018 WL 1250610, at *6 (D. Colo. Mar. 12, 2018), *report and recommendation adopted*, 2018 WL 2561046 (D. Colo. Apr. 16, 2018). The class is broadly defined and includes any hourly employee employed by Defendants as an MR or STM in Colorado since July 2019 and was paid on a salary basis. It will be Plaintiffs' burden to sufficiently address what will surely be a vigorous attack by Defendants at the motion to decertify stage.

      2.    <u>Sufficient Number of Opt-In Plaintiffs to Justify the Expense and Effort of State-Wide Notice</u>

Defendants argue that "Plaintiffs' motion for statewide collective treatment is compromised by their failure to demonstrate that a sufficient number of persons would actually opt-in. Plaintiffs' Motion and Declarations do not identify a single such individual." (ECF No. 45 at 16.) Defendants acknowledge that the Tenth Circuit has not considered such an approach, but urge this Court to nonetheless "consider whether there are similarly-situated employees who would desire to opt in." (*Id.*) Plaintiffs reply that the FLSA does not require that plaintiffs seeking conditional certification make an additional showing that interest around the case exists. (ECF No. 53 at 12.)

The Court agrees with Plaintiffs. The FLSA does not require plaintiffs to demonstrate that any particular number of persons will opt-in, and the Court declines Defendants' invitation to impose such an additional pleading and proof requirement upon Plaintiffs. Thus, the Court determines that Defendants' argument on this point is without merit.

8

3. <u>Notice</u>

Defendants object to Plaintiffs' proposed Notice plan on the following grounds:

1. Plaintiffs seek to send notice by mail, e-mail, text, and posting at each Sam's Club location in Colorado, which Defendants argue is inappropriate "over-saturation." (ECF No. 45 at 18.)
2. There is no basis to require postings at Sam's Club. (*Id.* at 19.)
3. Plaintiffs should be limited to a single form of notice. (*Id.*)
4. The notice fails to inform potential opt-ins that they may be obligated to participate in discovery and may have to appear in Denver. (*Id.*)
5. The proposed notice contains typos and redundancies. (*Id.* at 20.)
6. The notice is overbroad and incorrectly discusses this case and the law; for example, Defendants argue that the third paragraph incorrectly suggests that the burden is on Sam's Club to prove exemption was proper and not that the burden is on Plaintiffs. (*Id.*)

Accordingly, Defendants request that Plaintiffs be limited to a single form of delivery and the parties be required to meet and confer as to the wording and delivery of any such notice. (*Id.*)

Plaintiffs reply that their proposed notice plan is proper and the Court should reject the request to confer. (ECF No. 53 at 13–15.)

Having reviewed Plaintiffs' proposed notice materials, the Court questions whether Plaintiffs' counsel read them at all. (ECF Nos. 30-3, 30-4, 30-5.) As Defendants highlight, the notice is rife with egregious typographical errors, factual misstatements, and incomplete and nonsensical sentences. For example, the very first paragraph of the notice states:

9

> **Wal-Mart Associates, Inc., b/d/a [*sic*] Sam's Club and Sam's Club, a division of Wal-Mart Store, Inc. (collectively, "Sam's Club") and worked as either a Membership Representative ("MR") or Sales and Training Manager ("STM") at any time since July 2019 and were paid by salary, a lawsuit may affect your rights.**

(ECF No. 30-3 at 1 (emphasis in original).)  This paragraph simply does not make any sense.  The following paragraph states:

> Plaintiffs allege that they and other MR and STM employees of Sam's Club should not have been classified as exempt from overtime pay and instead paid overtime for hours worked in excess of 40 in individual work weeks. [*sic*] and instead paid only straight time hourly rates for all hours worked.

(*Id*.)  Again, this paragraph does not make sense and is incorrectly punctuated.  On the second page, Plaintiffs state that the case is pending before "the Honorable William J. Martinez United States District Court for the District of Colorado."  (*Id.* at 2.)  They appear to have simply forgotten to add "in the. . . ."  Additionally, Plaintiffs write "Mr" instead of "MR" in the first paragraph of "Plaintiffs' Claims in this Case."  (*Id.* at 2.)

While these are but a sample of the sloppy errors in the proposed notice documents, they are sufficient for the Court to wholly reject them out of hand and rule as follows:

The Court overrules several of Defendants' objections to the notice and will permit Plaintiffs to send notice by mail, e-mail, text, and posting at each Sam's Club location in Colorado.  However, the Court agrees that Plaintiffs incorrectly suggest that the burden is on Sam's Club to prove exemption was proper and directs Plaintiffs to revise such language in the amended proposed notice documents.  And, it should be abundantly clear that the Court agrees with Defendants that the notice plan contains

typographical errors, redundancies, and statements that simply make zero sense.

Therefore, Plaintiffs must submit amended proposed notice plan filings that correct all of the errors identified above, as well as those *not* specifically identified. For this reason, the Court denies that portion of the Motion requesting approval of the contents of the proposed notice and the proposed notice plan, to the extent stated above.

**B.    Equitable Tolling**

Finally, the Court turns to Plaintiffs' Motion to Toll Statute of Limitations for Absent Class Members. (ECF No. 54.) A two-year statute of limitations governs FLSA claims for unpaid wages, unless the violation was "willful," in which case a three-year statute of limitations applies. See 29 U.S.C. § 255. As to opt-in plaintiffs, these limitations periods are measured against the date on which each plaintiff's opt-in notice is filed with the Court. *Id*. § 256(b). In other words, an FLSA plaintiff can recover wages only if those wages were unlawfully withheld in the two (or perhaps three) years preceding the complaint's filing (for named plaintiffs) or the opt-in notice's filing (for opt-in plaintiffs).

Accordingly, Plaintiffs argue that the statute of limitations for the federal and state statutes relied upon should be tolled for absent putative class members from May 2, 2023 (the date briefing on Plaintiff's motion for conditional certification was completed) through the end of the opt-in period. (ECF No. 54 at 2–3.) Plaintiffs contend they filed their Motion to Toll only approximately three months after briefing was ripe because an erosion of the limitations period of more than 90 days would represent more than a 10% reduction of the absent putative class members claims. (*Id.* at 5.) Plaintiff argues that the reason such a tolling period is necessary is the length of time it has taken for the

11

Court to rule on the pending motion.  (*Id.* at 3.)

The Court has considered Defendants' arguments in opposition to equitable tolling (ECF No. 55), but it finds they are unavailing.  The Motion has been ripe for almost a year and as a consequence this has created a period of delay that should not, in the interest of justice, count against the potential members of the collective action. *See Brayman v. KeyPoint Gov't Sols*., Inc., 2019 WL 3714773, at *9 (D. Colo. Aug. 7, 2019).  For this reason, the Court grants the Motion to Toll from the date the briefing on the Motion became ripe—May 2, 2023—through the end of the opt-in period.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion and Memorandum In Support For Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) (ECF No. 30) is GRANTED IN PART as set forth above;

2. The Court CONDITIONALLY CERTIFIES this case to proceed as a "collective action" under 29 U.S.C. § 216(b) and defines the class as "All Membership Representative and Sales and Training Manager employees who worked for Defendants in Colorado in either role since July 2019 and were paid on a salary basis";

3. Plaintiffs' Motion to Toll Statute of Limitations for Absent Class Members (ECF No. 54) is GRANTED;

4. Plaintiffs are DIRECTED to review several of this Court's Orders granting conditional certification, which are available on PACER, Westlaw, LexisNexis, or other sources.  For clarity, the Court provides a specific example of one such

Order in *Gamboa v. Nutraceuticals*, No. 22-CV-1141-WJM-SKC, 2023 WL 4999947, at *1 (D. Colo. Aug. 4, 2023), but the Court encourages Plaintiffs to do additional, thorough research;

5. Plaintiffs are DIRECTED to amend their proposed notice plan to comport with the directives issued in this Order;

6. Once Plaintiffs have a draft of their proposed notice plan documents, Plaintiffs are DIRECTED to send them to Defendants and timely and professionally confer regarding any comments or edits Defendants suggest;

7. Plaintiffs must file their amended notice plan documents with the Court by **April 15, 2024**, and Defendants may file a response by **April 26, 2024**, but no reply will be permitted without prior leave of Court.

Dated this 22nd day of March, 2024.

BY THE COURT:

William J. Martinez
Senior United States District Judge