IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-01880-TPO

CHERYL YSLAS and MICHAEL SPRAGUE, and those similarly situated,

Plaintiffs,

v.

WAL-MART ASSOCIATES, INC., d/b/a SAM'S CLUB, and

SAM'S CLUB, a division of WAL-MART STORES, INC.

Defendants.

---

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**[1]

---

Plaintiffs Cheryl Yslas ("Yslas") and Michael Sprague ("Sprague) ("collectively the "Named Plaintiffs") and fourteen Opt-In Plaintiffs (the "Opt-In Plaintiffs") (Named Plaintiffs and Opt-In Plaintiffs referred to collectively as "Plaintiffs") and Defendants Sam's West, Inc. and Wal-Mart Associates, Inc. (collectively "Defendants" or "Sam's Club") (Plaintiffs and Defendants referred to collectively as the "Parties"), through their undersigned counsel, jointly move the Court for an Order approving the settlement reached in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201

[1] In accordance with the Parties' agreement, including the Material Terms of Settlement executed July 31, 2026 following the second Settlement Conference, this Motion, along with the Parties' Settlement Agreement, are being filed as Level 1 Restricted Access, and a redacted copy of the Motion has been filed without restricted access.

et seq., and analogous Colorado state law. The Parties have negotiated this settlement to resolve this *bona fide* dispute after years of litigation, the exchange of substantial discovery to inform the Parties' damage calculations and following extensive arm's-length negotiations conducted by counsel well-versed in wage-and-hour litigation.

The Parties submit that the terms of their proposed Settlement are fair, reasonable, and adequate, particularly in light of the existence of disputed issues of fact and law with respect to liability and damages, uncertainty as to whether any party would obtain a judgment in their favor, along with the risks of trial and possible appeals.

## I. BACKGROUND

### A. Procedural History

On July 29, 2022, Named Plaintiff Cheryl Yslas filed a putative Collective and Class Action Complaint against Defendants, alleging violations of the FLSA, the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 et seq ("COMPS") and the Colorado Wage Act, C.R.S. § 8-4-101, et seq. ("CWA").[2] (ECF No. 1, Complaint.) The Complaint alleged that Sam's Club improperly classified Yslas and other current and former Sales and Training Managers ("STMs")[3] as "exempt" and, therefore, they were

[2] Yslas also brings individual claims regarding a bonus and paid time off ("PTO") that she alleges were not paid. Those individual state law claims were settled for [redacted] owever, because they are individual state law claims, no Court approval is needed.

[3] The position was originally titled as a Membership Representative ("MR"). The title subsequently changed to STM, but the job duties, description, and compensation stayed the same. For clarity, the Parties refer to the position as STM in this Motion.

not (but should have been) eligible for overtime compensation for hours worked over 40 hours in a week. (ECF No. 1, Complaint.) On December 5, 2022, Yslas amended her Complaint to add a second Named Plaintiff, Sprague. (ECF No. 23, Amended Complaint.) Defendants deny all of the claims alleged. (*See, e.g., generally,* ECF No. 27, Answer to Amended Complaint.)

While the Parties do not agree on whether the STM position is properly classified as exempt, the Parties do agree that the role of an STM includes training other Sam's Club associates on "upselling techniques," including selling premium memberships, credit cards, and other products. (*E.g.,* ECF 23, Amended Complaint, ¶14.). Plaintiffs contend that they spent substantial time during their employment performing various non-exempt duties such as working the cash register, stocking shelves and gathering shopping carts. (*Id.* at ¶¶14, 15.) Plaintiffs further contend that, even if they were doing the STM job "as designed and intended" by Sam's Club, the position was still non-exempt. Sam's Club disputes these contentions and alleges that to the extent Plaintiffs were performing non-exempt duties, they were not doing the STM job as designed and intended by Sam's Club.

On March 22, 2024, the Court entered an Order granting conditional certification of a collective pursuant to 29 U.S.C. § 216(b), consisting of all STMs in Colorado since July 29, 2019. (ECF No. 65, Order.) On July 10, 2024, the Court approved the Parties' agreed plan of notice and related notice materials. (ECF 74.) Consistent with the Court's July 10, 2024, Order, the Named Plaintiffs disseminated the Court-approved notice to sixty-one persons who worked as STMs in Colorado.

Fourteen of those individuals (in addition to the two Named Plaintiffs) opted in to this lawsuit by filing consent forms. *See* Opt-In Notices. (ECF Nos. 75-88). The Parties subsequently engaged in written and document/data discovery on class merits and damages issues.

During the Summer of 2025, the Parties began exploring settlement. Over the ensuing months, the Parties exchanged information and data as well as settlement demands and counter offers. On May 13, 2026, the Parties participated in a full-day Settlement Conference conducted by the Honorable Timothy P. O'Hara. Although the Parties did not reach settlement during the May 13 Settlement Conference, their discussions continued. On July 31, 2026, the Parties participated in a second Settlement Conference with the Honorable Timothy P. O'Hara. [redacted]

4 [redacted]

[redacted]

**B. Legal Background**

Under both the FLSA and Colorado law, employers must pay non-exempt employees overtime wages for any hours worked over forty in each workweek, unless an exemption applies. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 213; C.R.S. § 8-4-101; COMPS Order #40, 7 CCR 1103-1, et. seq. There is no dispute that Sam's Club classified the STM position at issue as an exempt position not eligible to receive overtime pay under the FLSA and Colorado law. The dispute lies with whether that classification was correct. Plaintiffs argue that this classification was incorrect and that Sam's Club's failure to pay them overtime wages violated the FLSA and Colorado law. Plaintiffs also contend that Sam's Club's conduct was willful and seek liquidated damages/penalties under the FLSA and Colorado law. Defendants deny all of Plaintiffs' allegations, contend that the STM position was properly classified as exempt, and further deny that they engaged in any willful conduct. These issues remain disputed and the Court has not made any findings regarding the merits of Plaintiffs' claims or Defendants' defenses.

5 [redacted]

**C. Request for Approval**

Traditionally, courts across the country (including in the District of Colorado) have followed *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (holding that parties may not "privately settle claims under the FLSA without the supervision of either the [Department of Labor] or a district court."). In recent years, Courts in this District have followed other Circuits to find that District Courts are not strictly required to approve of FLSA settlements. *See, e.g., Ruiz v. Act Fast Delivery of Colo., Inc.*, 2017 U.S. Dist. LEXIS 4821 (D. Colo. Jan. 9, 2017). The Tenth Circuit has not yet addressed the question of whether judicial review of FLSA settlements is absolutely required, and Colorado federal courts frequently review and approve FLSA settlements, even while acknowledging that such review may not be strictly necessary. Compare *Prim v. Ensign United States Drilling, Inc.*, 2017 WL 3641844 (D. Colo. Aug. 24, 2017) and *Swanson v. Cathedral Energy Servs.*, 2019 WL 4858453 (D. Colo. Oct. 2, 2019) (requiring approval without considering *Ruiz*) with *Manohar v. Sugar Food LLC*, 2017 WL 3173451, at *2 (D. Colo. July 26, 2017) and *Teague v. Acxiom Corp.*, 2018 WL 3772865 (D. Colo. Aug. 9, 2018) (acknowledging *Ruiz* but nevertheless requiring approval). *See also Perez v. Denco Constr. LLC*, 2025 U.S. Dist. LEXIS 268443, at *24 (D. Colo. Dec. 31, 2025) (noting "[a]n employer undertakes the private resolution of an FLSA dispute at his peril" [and] "[i]n the absence of further guidance from the Tenth Circuit, this Court finds that an FLSA settlement agreement must be presented to the court for approval in accordance with the factors set forth in *Lynn's Food* to be

enforceable."). Accordingly, the Parties submit their proposed FLSA settlement to this Court for approval.

## II. THE PARTIES' PROPOSED FLSA SETTLEMENT

[redacted]

[redacted]

[redacted]

The settlement for the collective represents a fair and reasonable result because of the uncertainty of whether the STM position was, in fact, misclassified, and if so, the extent of Plaintiffs' claimed damages, which necessarily includes a determination regarding whether the alleged conduct was willful. There is also uncertainty regarding the proper methodology for calculating damages, including whether the fluctuating work week model applies under both federal and Colorado law, and also the proper measure for calculating penalties under Colorado law for each opt-in. These uncertainties create significant risks for all Parties, that, when coupled with the costs

---

[redacted]

and delays associated with continuing the litigation through trial and any appeals the Parties might pursue, render the settlement fair and reasonable.

The Parties further agree that the allocated amount for attorneys' fees and costs is fair and reasonable, [redacted] *See, e.g.*, *Vaszlavik v. Storage Corp.*, 2000 WL 1268824, at *2 (D. Colo. Mar. 9, 2000) (Fees for class action settlements generally range from 20%-50%); *Davis v. Crilly*, 292 F.Supp.3d 1167, 1174 (D. Colo. 2018) (approving percentage of class fund fee of 37%).

[redacted]

## III. STANDARD FOR FLSA SETTLEMENT APPROVAL

Applying the FLSA approval process set forth by the Eleventh Circuit in *Lynn's Food Stores,* the Court must determine whether the proposed settlement (a) resolves a *bona fide* dispute over FLSA provisions; (b) is fair and equitable to all parties concerned, and (c) contains a reasonable award of attorneys' fees. *Baker v. Vail*

*Resorts Mgmt. Co.*, 2014 WL 700096, *1 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores*, 679 F.2d at 1353. Approval is appropriate if the Parties demonstrate that (1) the litigation involves a *bona fide* dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. As demonstrated below, the Parties' settlement meets this standard and should be approved.

### A. The Parties' Settlement Represents The Resolution Of A *Bona Fide* Dispute

For the Court to discern whether a *bona fide* dispute exists, the Parties must present the following information: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Davis*, 292 F.Supp.3d at 1172; *Swanson*, 2019 U.S. Dist. LEXIS 170752, at * 5; *Baker*, 2014 WL 700096, at *1.

As explained above, Plaintiffs contend that the STM position was misclassified as exempt and that they should have been paid overtime. Defendants contend that the position was properly classified as exempt, and that as salaried employees Plaintiffs were not entitled to overtime. The Parties have compiled a factual record establishing each Plaintiff's wages and the number of weeks each Plaintiff worked as an STM in Colorado. Beyond that, this dispute involves other contested issues, including whether the position was properly classified as exempt, and, if not: (a) how many

hours each Plaintiff worked each week, so as to determine how much overtime, if any, each Plaintiff might be entitled to recover; (b) how any such overtime pay should be calculated, including whether or not a fluctuating work week calculation applies under Tenth Circuit and/or Colorado law, *see Clements v. Serco, Inc.*, 530 F. 3d 1224, 1230-31 (10th Cir. 2008); (c) whether Sam's Club's conduct was willful, thus entitled Plaintiffs to additional penalties; and (d) how penalties should be calculated under Colorado law, including whether the pre-2023 or post-2023 penalty scheme applies, and if so, to which workweeks, *see, e.g., Allen v. Concord Energy Holdings, LLC*, 2026 WL 403958, at *9 (Colo. App. Feb. 12, 2026). In sum, the Parties' settlement clearly represents the resolution of a *bona fide* dispute.

**B. The Settlement Is Fair and Reasonable**

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. *Davis,* 292 F.Supp. 3d at 1173. Courts weigh a number of factors on this consideration, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery. *Swanson*, 2019 U.S. Dist. LEXIS 170752, at * 6. There is a strong presumption in favor of finding a settlement fair. *Id.*

This Court should approve the Parties' proposed settlement because, as discussed below, all these factors either weigh in favor of approval or do not suggest the Parties' proposed settlement is unfair. Initially, the settlement is fair and reasonable. Defendants have agreed to pay [redacted] This settlement was negotiated with due consideration given to many issues, including: the complexity, expense, and uncertainties associated with proceeding to trial; the significant amount of time, effort, and money dedicated to the Parties' discovery efforts; the difficulty of proving the amount of overtime at issue; the uncertainty surrounding how damages and penalties should be calculated; the amount of damages potentially available (including a determination regarding alleged willfulness); and the value of the settlement fund in light of the best possible recovery.

This settlement is not the product of fraud or collusion. The Parties negotiated this settlement across nearly a year of arm's-length negotiations, including two mediation sessions overseen by this Court and involving the exchange of multiple demands and offers by capable attorneys with extensive experience in the litigation of class and collective wage and hour claims, including claims relating to claimed misclassification of employees as exempt. Through these exchanges, and an intensive review of the underlying data, the Court helped the Parties narrow the gap between their positions and formulate a mediator's proposal that the Parties ultimately accepted.

The amount of the settlement is reasonable in relation to the potential recovery. As in all wage-and-hour claims, particularly in the class and collective action context,

the nature and value of recoverable damages can be uncertain. For example, [redacted]

C. **The proposed attorneys' fee and claimed costs are fair and reasonable**

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b); *Swanson,* 2019 U.S. Dist. LEXIS 170752, at *8, *citing Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). In common fund cases, it is standard to use a percentage method when calculating attorneys' fees. *See Gottlieb v. Barry*, 43 F.3d 474, 482–83 (10th Cir. 1994); *Barr v. Qwest Communs. Co., LLC*, 2013 WL 141565, *3–*4 (D. Colo. Jan. 11, 2013).

The fee, inclusive of costs, represents [redacted] which is within the range of reasonableness for a common-fund or contingent percentage fee. *See e.g., Vaszlavik*, 2000 WL 1268824, at *2; Davis, 292 F.Supp.3d at 1174. Defendants do not oppose the fee to Plaintiffs' counsel. In addition, the skill and efficiency of the attorneys involved in this action, as well as the complexity and

duration of this litigation described above, all support the proposed distribution. Finally, based on their long experience, Plaintiffs' Counsel submit that the fee proposed in this action is commensurate with, if not below, the fee awards typically approved in FLSA collective actions of similar complexity and duration.

## IV. CONCLUSION

For the reasons set forth above, the Parties respectfully ask the Court to grant this Motion and approve their proposed settlement in its entirety.

Respectfully submitted this 30th day of September, 2026.

*/s/ Samuel D. Engelson*
Andrew E. Swan
Samuel D. Engelson
LEVENTHAL SWAN TAYLOR TEMMING PC
3773 Cherry Creek North Drive, Suite 710
Denver, Colorado 80209
Telephone: (720) 699-3000
Email: aswan@lstt.law
sengelson@lstt.law

John W. Billhorn
Billhorn Law Firm
3773 Cherry Creek North Drive, Suite 710
Denver, Colorado 80209
Telephone: (720) 386-9006
Email: jbillhorn@billhornlaw.com

**Attorneys for Plaintiffs**

*/s/ Naomi G. Beer*
Naomi G. Beer
Camille Papini-Chapla
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email: beern@gtlaw.com
papinichaplac@gtlaw.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2026, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record.

GREENBERG TRAURIG, LLP

s/ *Naomi Beer*
Naomi Beer